IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAGNER EQUIPMENT CO.,

    Plaintiff and Counter-Defendant,

v.                                                                         Civ. No. 07-00880 JH/RLP

BENORE LOGISTIC SYSTEMS, INC.,

    Defendant and Counter-Plaintiff,

v.

MILLENNIUM TRANSIT SERVICES, LLC.,

    Third-Party Defendant

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>[1]

    1.    This action was initially filed by Wagner Equipment Co. (Wagner) as a claim for breach of contract and damages against Benore Logistic Systems, Inc. (Benore), and brought pursuant to 28 U.S.C. § 1332, diversity of citizenship. Benore filed its Answer [Doc. 6] and brought a counterclaim against Millennium Transit Services, LLC. (MTS) for unjust enrichment and misrepresentation. MTS filed its Answer, denying the allegations [Doc. 10]. In January, 2008, the parties reached a settlement and Wagner now brings its Motion to Enforce Settlement Agreement (Motion), alleging that MTS has breached the agreement. The Motion was referred by the Honorable Judith Herrera for the Magistrate Judge's Report and Recommendation [Doc. 34].

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

2. The Motion alleges agreement was reached, *inter alia*, that Wagner would ship to MTS 14 DPX Filters and that MTS would pay $558,970.22 within 20 days of receiving the filters. Wagner states that more than 100 days have passed and payment has not yet been received.

3. In its Response [Doc. 31] MTS argues the Motion is in violation of D.N.M. LR-Civ. 7.5; that the Motion is not supported by an affidavit; that the filing of the Motion breached the confidentiality provision of the settlement agreement; and that Wagner's Motion is improper and that Wagner must file a separate lawsuit to enforce settlement.

4. Wagner's Reply [Doc. 32], in addition to addressing the alleged improprieties of its Motion, attaches the Affidavit of Kurt Ehlert, Director of Power Systems for Wagner. Exhibit A. Mr. Ehlert states that "[a]s of today, July 28, 2008 more than 130 days have passed since MTS received 14 DPS Filters from Wagner, and MTS has yet to pay any portion of the $558,970.22 owed under the terms of the Settlement Agreement. Affidavit, ¶ 6.

5. D.N.M. LR 7.5(b) provides that allegations of fact must be supported by, *inter alia,* affidavits. Wagner's error was cured in its reply by Mr. Ehlert's affidavit and MTS has not filed for leave to file a sur-reply since the affidavit was filed on July 28, 2008.

6. The Settlement Agreement, Exhibit A to Wagner's Motion, contains a Confidentiality provision at Part IV, ¶ 9. That provision provides that the "contents and existence" are to be kept confidential "unless substantial justification . . . exists for such disclosure." There are no allegations -- and indeed, no evidence submitted by MTS -- that confidentiality was a material and negotiated part of the contract or whether a breach of that provision would automatically result in Wagner's forfeiting its rights under the

Settlement Agreement.  In any event, the issue of whether the provision was breached and what remedy, if any, would result, are not before this Court.

7.     Finally, MTS argues that enforcement by motion is improper and that Wagner must file a separate lawsuit to obtain relief.  MTS is mistaken.  "'A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.'"  *Rogler v. Standard Insurance Co.*, 30 Fed.Appx. 909, 913 (10th Cir. 2002) (unpublished opinion) (quoting *United States v. Hardage*, 982 F.3d 1491, 1496 (10th Cir. 1993)).

8.     MTS does not deny that the Settlement Agreement is enforceable. MTS does not deny that it received the 14 DPX Filters.  MTS does not deny its failure to pay the $558,970.22 within 20 days of receiving the filters.   Accordingly, the Court finds that the Settlement Agreement has been breached and recommends that it be enforced according to its terms.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Enforce Settlement Agreement [Doc. 29] be granted.

_____
Richard L. Puglisi
United States Magistrate Judge